IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

STACEY SHARIHORNE,

      Plaintiff,                       CV F 03 5464 OWW WMW P

  vs.                                ORDER DISMISSING COMPLAINT
                                       WITH LEAVE TO AMEND

M. ADAMS, et al.,

      Defendants.

      Plaintiff is a state prisoner proceeding pro se in a civil rights action pursuant to 42 U.S.C. § 1983. This action proceeds on the July 7, 2003, first amended complaint. Plaintiff, an inmate in the custody of the California Department of Corrections at CCI Tehachapi, brings this civil rights action against defendant correctional officials employed by the Department of Corrections at CCI Tehachapi. Plaintiff names as defendants the following individuals: Correctional Officer M. Adams; C/O L. Prieto; Sergeant Covey.

      The allegations in this action stem from disciplinary charges leveled against plaintiff. On January 4, 2002, C/O Adams was working in the observation booth in the Security Housing Unit. Adams observed plaintiff engage in inappropriate behavior at the outdoor urinal. Adams initiated disciplinary charges against plaintiff for indecent exposure, and for threatening to engage in sexual conduct with Adams's family. Plaintiff's comments were also directed at C/O Prieto. At the disciplinary hearing, the charge of indecent exposure could not be

substantiated. Plaintiff was found guilty of disrespecting staff. Plaintiff filed an appeal. The rules violation was removed from plaintiff's file, and plaintiff had 45 days of lost credit restored. Plaintiff did, however, suffer a ten day loss of yard time.

Plaintiff contends that he was falsely accused, and that he was placed in danger by virtue of being falsely accused of threatening Adams's family. Specifically, plaintiff alleges that being labeled a sex offender placed him in danger.

As to the claim regarding plaintiff's disciplinary hearing, in Edwards v. Balisok, 520 U.S. 641, 644 (1997), the United States Supreme Court applied the doctrine articulated in Heck v. Humphrey, 512 U.S. 477, 487 (1994), to prison disciplinary hearings. In Heck, the Court held that a state prisoner's claim for damages for unconstitutional conviction or imprisonment is not cognizable under 42 U.S.C. § 1983 if a judgment in favor of plaintiff would necessarily imply the invalidity of his conviction or sentence, unless the prisoner can demonstrate that the conviction or sentence has previously been invalidated. 512 U.S. at 487. In applying the principle to the facts of Balisok, the Court held that a claim challenging the procedures used in a prison disciplinary hearing, even if such a claim seeks money damages and no injunctive relief, is not cognizable under § 1983 if the nature of the inmate's allegations are such that, if proven, would necessarily imply the invalidity of the result of the prison disciplinary hearing. 520 U.S. at 646. Because such a challenge, if successful, would invalidate the duration of the inmate's confinement, it is properly brought as a habeas corpus petition and not under § 1983. Heck, 512 U.S. at 487; Preiser v. Rodriguez, 411 U.S. 475, 500 (1973).

Here, plaintiff alleges that his conviction was obtained based on false allegations. Such a claim necessarily implies the the invalidity of plaintiff's conviction. Plaintiff has not alleged that this conviction was reversed, expunged, or otherwise invalidated. Though plaintiff contends that the more serious offense was unsubstantiated, he does not allege any facts suggesting that the Hearing Officer found the evidence to be false. There are no allegations

that indicate a due process violation.[1]

As to plaintiff's claim regarding sex offender status, there are no allegations that plaintiff has been classified as such, or that plaintiff was found guilty of any offense that would classify him as such. Being charged with indecent exposure, of itself, fails to state a claim for failing to protect plaintiff or deliberate indifference. Farmer v. Brennan, 511 U.S. 825, 834 (1994).

The court finds the allegations in plaintiff's complaint vague and conclusory. The court has determined that the complaint does not contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2). Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly. Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support plaintiff's claim. Id. Because plaintiff has failed to comply with the requirements of Fed. R. Civ. P. 8(a)(2), the complaint must be dismissed. The court will, however, grant leave to file an amended complaint.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Also, the complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir.

---

[1] In Wolff v. McDonell, 418 U.S. 539 (1974), the court set forth the elements of due process to which a prisoner is entitled in disciplinary hearings as follows: 1) Written notice of the charges; 2) At least 24 hours between the time the prisoner receives written notice and the time of the hearing, so that prisoner may prepare his defense; 3) A written statement of fact findings; 4) The right to call witnesses and present documentary evidence where such is not unduly hazardous to institutional safety or correctional goals; and 5) Legal assistance if the accused is illiterate or the issues are complex. Wolff, 418 U.S. at 556.

1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

   In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete.  Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This is because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

   In accordance with the above, IT IS HEREBY ORDERED that:

   1. Plaintiff's first amended complaint is dismissed; and

   2. Plaintiff is granted thirty days from the date of service of this order to file a first amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned this case and must be labeled "Second Amended Complaint"; plaintiff must file an original and two copies of the amended complaint; failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

IT IS SO ORDERED.

**Dated:   May 10, 2005**        /s/  **William M. Wunderlich**
mmkd34             UNITED STATES MAGISTRATE JUDGE