IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

STACEY SHARIHORNE,

    Plaintiff,   CV F 03 5464 OWW WMW P

  vs.   ORDER DISMISSING COMPLAINT
WITH LEAVE TO AMEND

M. ADAMS, et al.,

    Defendants.

Plaintiff is a state prisoner proceeding pro se in a civil rights action pursuant to 42 U.S.C. § 1983. This action proceeds on the second amended complaint. The second amended complaint is filed in response to an earlier order dismissing the first amended complaint with leave to amend. Plaintiff, an inmate in the custody of the California Department of Corrections at CCI Tehachapi, brings this civil rights action against defendant correctional officials employed by the Department of Corrections at CCI Tehachapi. Plaintiff names as defendants the following individuals: Correctional Officer M. Adams; C/O L. Prieto; Sergeant Covey.

The allegations in this action stem from disciplinary charges leveled against plaintiff. On January 4, 2002, C/O Adams was working in the observation booth in the Security Housing Unit. Adams observed plaintiff engage in inappropriate behavior at the outdoor urinal. Adams initiated disciplinary charges against plaintiff for indecent exposure, and for threatening to engage in sexual conduct with Adams's family. Plaintiff's comments were also directed at C/O

Prieto.  At the disciplinary hearing, the charge of indecent exposure could not be substantiated. Plaintiff was found guilty of disrespecting staff.  Plaintiff filed an appeal.  The rules violation was removed from plaintiff's file, and plaintiff had 45 days of lost credit restored.  Plaintiff did, however, suffer a ten day loss of yard time.

Plaintiff contends that he was falsely accused, and that he was placed in danger by virtue of being falsely accused of threatening Adams's family.  Specifically, plaintiff alleges that being labeled a sex offender placed him in danger.

In the order dismissing the first amended complaint, Plaintiff was advised of the following.  As to the claim regarding plaintiff's disciplinary hearing, in Edwards v. Balisok, 520 U.S. 641, 644 (1997), the United States Supreme Court applied the doctrine articulated in Heck v. Humphrey, 512 U.S. 477, 487 (1994), to prison disciplinary hearings.  In Heck, the Court held that a state prisoner's claim for damages for unconstitutional conviction or imprisonment is not cognizable under 42 U.S.C. § 1983 if a judgment in favor of plaintiff would necessarily imply the invalidity of his conviction or sentence, unless the prisoner can demonstrate that the conviction or sentence has previously been invalidated.  512 U.S. at 487.  In applying the principle to the facts of Balisok, the Court held that a claim challenging the procedures used in a prison disciplinary hearing, even if such a claim seeks money damages and no injunctive relief, is not cognizable under § 1983 if the nature of the inmate's allegations are such that, if proven, would necessarily imply the invalidity of the result of the prison disciplinary hearing.  520 U.S. at 646. Because such a challenge, if successful, would invalidate the duration of the inmate's confinement, it is properly brought as a habeas corpus petition and not under § 1983.  Heck, 512 U.S. at 487; Preiser v. Rodriguez, 411 U.S. 475, 500 (1973).

Here, plaintiff alleges that his conviction was obtained based on false allegations.  Such a claim necessarily implies the the invalidity of plaintiff's conviction.  Plaintiff has not alleged that this conviction was reversed, expunged, or otherwise invalidated.  Though plaintiff contends that

the more serious offense was unsubstantiated, he does not allege any facts suggesting that the Hearing Officer found the evidence to be false.   There are no allegations that indicate a due process violation.[1]

As to plaintiff's claim regarding sex offender status, there are no allegations that plaintiff has been classified as such, or that plaintiff was found guilty of any offense that would classify him as such.  Being charged with indecent exposure, of itself, fails to state a claim for failing to protect plaintiff or deliberate indifference.  Farmer v. Brennan, 511 U.S. 825, 834 (1994).

Plaintiff was advised of the above in the order dismissing the first amended complaint with leave to amend.  In the second amended complaint, Plaintiff restates the allegations of the first amended complaint, adding specific allegations regarding his disciplinary process.  In particular, Plaintiff alleges that at the final, Director's, level of review, his conviction was reversed.  Exhibit H to the second amended complaint is a copy of the decision at the Director's level, dated August 26, 2002.  The Chief of Inmate Appeals ruled that, although the original charge of indecent exposure was reduced to disrespect towards staff, "it is apparent in this case that the foundation of the charge is seriously flawed.  The guilty finding to the reduced charge is clouded by the unsubstantiated allegation of the original charge.  The RVR shall be dismissed in the interest of justice."

Plaintiff contends that this dismissal entitles him to relief on his civil rights claim.  As noted in the earlier order, however, Plaintiff failed to allege any facts suggesting that he was deprived of due process.  Plaintiff's own allegations and exhibit H reveals that the basis for the decision is that the original charge (which was reduced to disrespect toward staff) was

---

[1] In Wolff v. McDonell, 418 U.S. 539 (1974), the court set forth the elements of due process to which a prisoner is entitled in disciplinary hearings as follows: 1) Written notice of the charges; 2) At least 24 hours between the time the prisoner receives written notice and the time of the hearing, so that prisoner may prepare his defense; 3) A written statement of fact findings; 4) The right to call witnesses and present documentary evidence where such is not unduly hazardous to institutional safety or correctional goals; and 5) Legal assistance if the accused is illiterate or the issues are complex.  Wolff, 418 U.S. at 556.

unsubstantiated.  The Chief of Inmate Appeals ruled that as a result, the guilty finding to the reduced charge was "clouded."  The Chief of Inmate Appeals specifically held that the basis for the decision is certain sections of Title 15, California Code of Regulations, sections 3084.5, 3315, 320, 3321.  Those sections set out the procedure and authority for review of inmate appeals.   There is nothing in the second amended complaint, or in Plaintiff's exhibits, that indicate that Plaintiff was deprived of the due process protections set out in <u>Wolff</u>.

The gravamen of Plaintiff's complaint is that he is entitled to relief because he was unfairly accused.  There are no facts alleges that the accusations placed Plaintiff in any particular danger, or that anything in Plaintiff's disciplinary process deprived of him of due process.   A reversal of a conviction, of itself, does not constituted a due process violation.  Further, Plaintiff was advised that to the extent that any punishment affected the length of his sentence, Plaintiff must challenge challenge that process by way of a habeas petition.  Because Plaintiff has failed to allege facts sufficient to state a claim for relief,  the court recommends dismissal of the claims made in the second amended complaint with prejudice for failure to state a federal claim upon which the court could grant relief.  <u>See</u> <u>Noll v. Carlson</u>, 809 F. 2d 1446, 1448 (9th Cir. 1987) (prisoner must be given notice of deficiencies and opportunity to amend prior to dismissing for failure to state a claim).

Accordingly, IT IS HEREBY RECOMMENDED that this action be dismissed for failure to state a claim upon which relief can be granted.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636 (b)(1)(B).  Within thirty days after being served with these findings and recommendations, plaintiff may file written objections with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time waives all objections to the judge's findings of fact.  <u>See</u> <u>Turner v.</u>

1  Duncan, 158 F.3d 449, 455 (9th Cir. 1998).  Failure to file objections within the specified time
2  may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th
3  Cir. 1991).

6  IT IS SO ORDERED.

7  **Dated:   July 24, 2006**                            /s/  William M. Wunderlich
   j14hj0                                             UNITED STATES MAGISTRATE JUDGE

5